# EXHIBIT A

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> GARY BOWSER, <br><br> Defendant. | NO. 2:21-cv-00519-RSL <br><br> [PROPOSED] <br> FINAL JUDGMENT AND PERMANENT INJUNCTION |

This matter came before the Court on the parties' Consent to Entry of Judgment and Permanent Injunction, Dkt. No. 23. The Court enters judgment as follows:

1. Plaintiff is hereby awarded judgment against Defendant in the amount of US$10,000,000.00.

2. Each party shall bear its own costs and attorneys' fees.

In addition, pursuant to Sections 502 and 1203 of the Copyright Act (17 U.S.C. §§ 502, 1203), 28 U.S.C. § 1651(a), the All Writs Act, 28 U.S.C. § 1651, and this Court's inherent equitable powers, the Court orders as follows:

1. A permanent injunction is entered against Defendant enjoining him and his agents, servants, employees, successors, assigns, and all those acting in privity or under his control from:

FINAL JUDGMENT AND PERMANENT INJUNCTION - 1
Case No. 2:21-cv-00519-RSL

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

a. Offering to the public, advertising, promoting, selling, providing, testing, cloning, or otherwise trafficking in any circumvention devices, including but not limited to the SX Core, SX Lite, SX Pro, SX Gear, SX Tools, SX License Codes, and/or SX OS, including any features of SX OS, such as SX Installer, Gateway 3DS, Stargate 3DS, Classic2Magic, or N2 Elite (the "Circumvention Devices"), and any other circumvention devices or software that target Nintendo, Nintendo's consoles, devices, or accessories (including near field communication devices/cards compatible with Nintendo consoles, such as amiibo), Nintendo's technological protection measures, and/or Nintendo's copyrighted works;

b. Directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, or participating in the infringement of, any of Nintendo's copyrights, trademarks, or intellectual property, whether now in existence or hereafter created, including but not limited to the unauthorized reproduction, display, public performance, or distribution of any of Nintendo's copyrighted video games or operating systems, which includes the emulation of Nintendo's videogames;

c. Destroying, transferring, altering, moving, returning, concealing, or in any manner hiding any and all video game consoles, video games (or constituent elements thereof, such as video game files), video game emulators (and any digital files comprising the same), and any related packaging or promotional material in which Nintendo (including its parents, subsidiaries, and affiliates) owns or controls an exclusive right under United States law or pursuant to the laws of any other country or territory ("Nintendo's Intellectual Property") and which were used in connection with TEAM-XECUTER.COM, SX.XECUTER.COM, XECUTER.ROCKS, TEAM-XECUTER.ROCKS, and

FINAL JUDGMENT AND PERMANENT INJUNCTION - 2
Case No. 2:21-cv-00519-RSL

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

MAXCONSOLE.COM or any successor websites, chatrooms, or other social media websites or apps (including, without limitation, groups or chats on Facebook, Discord, GBATemp, Reddit, Telegram, Skype, WeChat, WhatsApp, Signal, or their equivalent) (the "Websites"), and all documents and records relating or referring in any way to Nintendo's Intellectual Property in connection with the Websites;

      d.    Committing any other violation of Nintendo's intellectual property rights, worldwide, whether now existing or hereafter created; and

      e.    Effecting assignments or transfers, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(d).

2.    The Court further enjoins Defendant and all third parties acting in active concert and participation with Defendant—including but not limited to any domain name registrars or registries holding or listing any of Defendant's Websites—from supporting or facilitating access to any or all domain names, URLs, websites (including, without limitation, TEAM-XECUTER.COM, SX.XECUTER.COM, XECUTER.ROCKS, TEAM-XECUTER.ROCKS, and MAXCONSOLE.COM), including any successor websites, chatrooms, and other social media websites or apps (including, without limitation, groups or chats on Facebook, Discord, GBATemp, Reddit, Telegram, Skype, WeChat, WhatsApp, Signal, or their equivalent) through which Defendant trafficked in circumvention devices that threaten Plaintiff's technological protection measures or which infringe Plaintiff's rights under the Copyright Act.

3.    Defendant is further prohibited from engaging in any other violation of the Digital Millennium Copyright Act or the Copyright Act, or any other federal or state law, as respects Nintendo.

FINAL JUDGMENT AND PERMANENT INJUNCTION - 3
Case No. 2:21-cv-00519-RSL

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

4. The Court further orders that Defendant and his officers, agents, servants, employees, attorneys, and others acting in active concert or participation with Defendant—including but not limited to any domain name registrars or registries holding or listing any of Defendant's Websites:

    a. surrender, and permanently cease to use, the domain names TEAM-XECUTER.COM, SX.XECUTER.COM, XECUTER.ROCKS, TEAM-XECUTER.ROCKS, and MAXCONSOLE.COM, any variant or successor thereof controlled by Defendant, and any other website or system that Defendant owns or controls, directly or indirectly, that involves or harms Nintendo's Intellectual Property; and

    b. to the extent the domains are under Defendant's custody or control, or under the control of registrars or registries with notice of this Order, immediately transfer the domain names TEAM-XECUTER.COM, SX.XECUTER.COM, XECUTER.ROCKS, TEAM-XECUTER.ROCKS, and MAXCONSOLE.COM, any variant or successor thereof controlled by Defendant, and any other website or system that Defendant owns or controls, directly or indirectly, that involves Nintendo's Intellectual Property, to Plaintiff's control.

5. The Court further enjoins Defendant and all third parties acting in active concert and participation with Defendant—including but not limited to any domain name registrars or registries holding or listing any of Defendant's Websites—from supporting or facilitating access to any or all domain names, URLs, and websites (including, without limitation, TEAM-XECUTER.COM, SX.XECUTER.COM, XECUTER.ROCKS, TEAM-XECUTER.ROCKS, and MAXCONSOLE.COM), or any successor thereof, through which Defendant infringed Plaintiff's copyrights.

FINAL JUDGMENT AND PERMANENT INJUNCTION - 4
Case No. 2:21-cv-00519-RSL

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

6.     The Court further orders, pursuant to 17 U.S.C. §§ 503 & 1203, upon Nintendo's selection and to the extent controlled by Defendant, the seizure, impoundment, and/or destruction of all Circumvention Devices, including all copies of SX OS, and all other electronic material or physical devices within Defendant's custody, possession, or control—including any hard drives or other electronic storage devices containing such material—that violate Nintendo's rights under the DMCA or infringe copyrights owned or exclusively licensed by Nintendo.

7.     This permanent injunction constitutes a binding court order, and any violations of this order by Defendant will subject him to the full scope of this Court's contempt authority, including punitive, coercive, and monetary sanctions.

8.     This permanent injunction is binding against Defendant worldwide, without regard to the territorial scope of the specific intellectual property rights asserted in the Complaint of the above-captioned case, and may be enforced in any court of competent jurisdiction wherever Defendant or his assets may be found.

8.     The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction.  Plaintiff is not required to post any bond or security in connection with the Final Judgment and Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to request a bond or security.

IT IS FURTHER ORDERED that Judgment be entered in this matter in accordance with the terms set forth above, and that the clerk be, and hereby is, directed to close this matter.

**IT IS SO ORDERED.**

_____
Hon. Robert S. Lasnik
U.S. District Judge

FINAL JUDGMENT AND PERMANENT INJUNCTION - 5
Case No. 2:21-cv-00519-RSL

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477